UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUKE OIL CO., | ) |
| | ) No. 12 C 9330 |
| Plaintiff, | ) |
| | ) |
| v. | ) Judge Thomas M. Durkin |
| | ) |
| SANDHU PETROLEUM INC., HARJINDER | ) |
| SINGH SANDHU, NAVDEEP GILL, LOVEDEEP | ) |
| SINGH DULAT, AND LARKIN INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Luke Oil Co., has sued the Defendants, Sandhu Petroleum Inc., Harjinder Singh Sandhu ("Sandhu"), Navdeep Gill, Lovedeep Singh Dulat ("Dulat"), and Larkin, Inc., alleging claims of breach of contract, unjust enrichment, and tortious interference with a contract. This matter is before the Court on Sandhu and Gill's motion to dismiss the individual claims against them in Counts VI and VII pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 39. For the following reasons, the motion is granted.

## BACKGROUND

Luke Oil is a wholesale supplier of motor fuels. R. 26 ¶ 8. Defendant Larkin owns and operates a gas station in Elgin, Illinois (the "Larkin gas station"). R. 26 ¶ 14. Dulat is an owner/officer of Larkin. R. 26 ¶ 15. Defendant Sandhu Petroleum is also a wholesale supplier of motor fuels. R. 26 ¶ 9. Sandhu and Gill, who are

husband and wife, are owners/officers of Sandhu Petroleum and also operate gas stations. R. 26 ¶¶ 11-12. Luke Oil alleges that "upon information and belief, Sandhu Petroleum is an alter ego of defendants" Sandhu and Gill. R. 26 ¶ 13.

On or about May 25, 2011, Luke Oil entered into a motor fuels supply and security agreement (the "supply agreement") with Larkin and Dulat to supply motor fuels to the Larkin gas station for seven years. R. 26 ¶¶ 15-16. As a result, Luke Oil began delivering motor fuels to the gas station in accordance with the supply agreement's terms. R. 26 ¶ 21. The supply agreement also required the Larkin gas station to be "rebranded" as a "GoLo" brand station (Luke Oil's trademarked brand), which Larking and/or Dulat did. R. 26 ¶¶ 22, 28.

Luke Oil alleges that "on or about April 1, 2012, Larkin and Dulat ceased purchasing fuel and conducting business with [it] without cause." R. 26 ¶ 26. Luke Oil alleges that the reason behind this is Sandhu Petroleum, Sandhu, and Gill "solicited Larkin and Dulat for a supply contract of their own to the detriment of Luke [Oil]," and induced Larkin and Dulat to stop conducting business with Luke Oil and, instead, purchase fuel from them. R. 26 ¶¶ 27-28. According to Luke Oil, this was done despite the fact that the Larkin gas station was branded with Luke Oil's "GoLo" brand. R. 26 ¶¶ 27-28.

Luke Oil alleges that Sandhu Petroleum began delivering fuel to the Larkin gas station in April 2012 and that the Larkin gas station was rebranded as a "Phillips 66" in May 2012. R. 26 ¶¶ 32, 35. Luke Oil further alleges that, at some

2

point, it gave notice to Sandhu Petroleum, Sandhu, and Gill of its existing contract with Larkin. R. 26 ¶ 29.

As a result of the collective Defendants' alleged conduct, Luke Oil filed this action on November 11, 2012, seeking compensatory and punitive damages resulting from the breach of contract alleged. R. 1, R. 26.

## LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See, e.g., Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This "standard demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In

applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Mann*, 707 F.3d at 877.

## ANALYSIS

Count VI of Luke Oil's amended complaint is a claim against Sandhu individually for tortious interference with a contract. Count VII is the same claim but against Gill individually. Sandhu and Gill have filed a joint motion to dismiss, contending that these two counts should be dismissed because Luke Oil has not adequately alleged their individual liability. Specifically, they contend that Luke Oil "fails to allege *any* facts whatsoever to establish [the] alleged 'alter ego' status or a basis for seeking to pierce the corporate veil of liability provided by Sandhu Petroleum." R. 39 ¶ 9 (emphasis in original). They believe the alter ego allegation amounts to a mere legal conclusion, which if true, is insufficient under Federal Rule of Civil Procedure 8. R. 39 ¶ 9.

Under Illinois law, "a corporation as a legal entity exists separately from its shareholders, directors, and officers, who are not ordinarily liable for the corporation's liabilities." *Forsythe v. Clark USA, Inc.*, 836 N.E.2d 850, 854 (Ill. App. Ct. 1st Dist. 2005), *aff'd* 864 N.E.2d 227 (Ill. 2007). However, a party may "pierce the corporate veil" and assert a claim against an individual "when an individual or entity uses a corporation merely as an instrumentality to conduct that person's or entity's business." *Laborers' Pension Fund v. Lake City Janitorial, Inc.*, 758 F. Supp. 2d 607, 618 (N.D. Ill. 2010) (quoting *Laborers' Pension Fund v. Lay-Corn, Inc.*, 580 F.3d 602, 610-11 (7th Cir. 2009) (internal quotation marks omitted)). Thus, in an

action to pierce a corporate veil under Illinois law, a plaintiff must allege that (1) there is a unity of interest and ownership such that the separate personalities of the corporation and the individual no longer exist, and (2) adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice. *Wachovia Sec., LLC v. Banco Panamericano, Inc.*, 674 F.3d 743, 752 (7th Cir. 2012) (quoting *Hystro Prods. Inc. v. MNP Corp.*, 18 F.3d 1384, 1388-89 (7th Cir. 1994)).

The Court does not need to look further than the first prong to determine that Luke Oil's amended complaint is inadequately pled. The overall focus on the first prong is whether a corporation has respected corporate formalities and whether a corporation is essentially a sham. *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 379 (7th Cir. 2008). Factors considered in making this determination include the following: inadequate capitalization, failure to observe corporate formalities, failure to issue stock or pay dividends, missing corporate records, commingling funds, diverting assets to an owner to a creditor's detriment, and whether the corporation is a mere façade for a dominant owner. *Wachovia*, 674 F.3d at 752 (citing *Fontana v. TLD Builders, Inc.*, 840 N.E.2d 767, 778 (Ill. App. Ct. 2d Dist. 2005)). Here, Luke Oil's only allegations that support the first prong are that Sandhu and Gill (1) are husband and wife, and (2) are the owners/directors of Sandhu Petroleum. R. 26 ¶¶ 11-13. But these two allegations, coupled with Luke Oil's conclusory statement that Sandhu Petroleum is their "alter ego," do not support the conclusion that the line between Sandhu and Gill's personal conduct and that of the corporation (Sandhu Petroleum) has been blurred. *See*

5

*Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013) ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' In such a case, the inference of liability is merely speculative." (quoting *Iqbal*, 556 U.S. at 678) (internal citations omitted))). The allegations are thus insufficient to establish that Sandhu and Gill could be held personally liable as a result of Sandhu Petroleum's acts.

Seemingly aware of its amended complaint's deficiencies regarding piercing the corporate veil, Luke Oil does not address the two prongs in its response. Instead, Luke Oil contends that it is at least "plausible" that Sandhu and Gill are *directly* liable for tortious interference with a contract, as opposed to derivative liability through the company by piercing the corporate veil. It argues that "each individual persisted to deliberately induce defendants Larkin and Dulat to breach the contract with Luke Oil" and that Sandhu and Gill were "personally aware" of the breach. R. 40 ¶¶ 6, 8. Thus, Luke Oil attempts to frame its amended complaint as "not complain[ing] of a corporate entity acting to secure additional business, but rather, of two distinct individuals purposely interfering with a legal contract." R. 40 ¶ 7. This argument fails for two reasons.

First, the amended complaint is not written in a manner that suggests this characterization of Sandhu and Gill's conduct or that they could be held directly liable. Rather, all of the allegations essentially combine the actions of Sandhu, Gill, and Sandhu Petroleum, which is confirmed by the fact that Luke Oil refers to them

6

as the "Sandhu Defendants" throughout its amended complaint when describing the conduct complained of. *See* R. 26 ¶ 27. There is no allegation that Sandhu or Gill acted outside their capacity as officers, employees, or agents of Sandhu Petroleum. Accordingly, as discussed above, Luke Oil was required to plead facts in its amended complaint that would demonstrate Sandhu and Gill were indirectly liable through the company, which it did not do.

Second, even if the amended complaint and its theory of direct liability against Sandhu and Gill individually could be read as Luke Oil now intends, it is still insufficiently pled. The amended complaint is devoid of any factual allegations of what role Sandhu and/or Gill had in Larkin's alleged decision to stop receiving fuel from Luke Oil. Nowhere does Luke Oil allege what Sandhu and Gill did to "purposely inter[fere] with a legal contract." *See* R. 40 ¶ 7. Its only factual allegations are that "on or about April 1, 2012, Larkin and Dulat ceased purchasing fuel and conduct business with Luke [Oil]" and that in April 2012 the "Sandhu defendants began delivering fuel" to the Larkin station. R. 26 ¶¶ 26, 32. Everything else is a legal conclusion. *See* R. 26 ¶¶ 85-92, 98-105; *see also Brooks v. Ross¸* 578 F.3d 574, 581 (7th Cir. 2009) ("[I]n considering the plaintiff's factual allegations, courts should not accept as adequate abstract legal recitations of the elements of a cause of action or conclusory legal statements."). Additionally, Luke Oil's allegations that Sandhu Petroleum began supplying fuel to the Larkin gas station and that "Sandhu Petroleum Inc. is an alter ego of [Sandhu and Gill]" only reinforce the Court's prior discussion about piercing the corporate veil—i.e., that Sandhu and/or

7

Gill's alleged conduct was on behalf of, and in conjunction with, Sandhu Petroleum. R. 26 ¶¶ 13, 32. The allegations do not support "two distinct individuals" acting alone. And finally, even assuming as true that Sandhu and Gill were "personally aware" of Sandhu Petroleum's alleged single act of tortious inference, that allegation does not establish their individual direct liability. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (explaining that at the motion to dismiss stage, a "plaintiff must give enough details about the subject-matter of the case to present a story that holds together").

## CONCLUSION

The motion to dismiss before the Court, R. 39, is granted, and Counts VI and VII against Harjinder Singh Sandhu and Navdeep Gill individually are dismissed without prejudice. Luke Oil may seek leave of court to amend within 30 days if the deficiencies identified in this Order can be cured. A status hearing is set for January 14, 2014, at 9:00 a.m.

ENTERED:

_Thomas M Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: December 16, 2013

8